IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABIODUN S. SOWEMIMO, Plaintiff | ) | |
| vs. | ) | Civil Action No. 09-639 |
| | ) | Chief Judge Gary L. Lancaster |
| JOANNE THOMAS; JOHN DOES; PNC BANK NATIONAL FINANCIAL SERVICES GROUP, Defendants | ) | Chief Magistrate Judge Amy Reynolds Hay |

REPORT AND RECOMMENDATION

I. Recommmendation

It is respectfully recommended that, prior to service, the complaint be dismissed pursuant to the Prison Litigation Reform Act (PLRA), for failure to state a claim upon which relief can be granted.

II. Report

Abiodun S. Sowemimo, a/k/a Abiodun Sowewimo, ("Plaintiff"), a state prisoner in the custody of the Illinois Department of Corrections, with an Inmate Identification Number of B43909, is serving a 65-year sentence for, inter alia, Aggravated Criminal Sexual Assault, and attempted murder.[1] He has filed his most recent civil rights suit in this court, naming PNC Bank as a defendant, as well as Joanne Thomas, an employee of PNC Bank, and John Doe employees of the Bank. Plaintiff claims that the Defendants are not providing him monies from his account at the bank. Plaintiff contends that this failure to provide him monies from his account constitutes "deliberate indifference [and a] failure to protect." Dkt. [4] at 5, ¶ 3. His apparent theory is that the Defendants, in denying him his funds "have caused the

[1] The court takes judicial notice of the following Illinois Department of Corrections inmate locator website:

http://www.idoc.state.il.us/subsections/search/default.asp

Plaintiff to suffer the illness of tumor on his head and cancer illness by failing to provide the Plaintiff his funds in their Bank, causing the plaintiff to stay and be indigent[,] unable to purchase healthy nutritional food items and hygiene items at the inmate prison commissary." Dkt. [4] at 6.

The court takes further judicial notice of the fact that Plaintiff is a frequent pro se litigator in the federal courts, having filed at least 8 civil actions in the Illinois Federal Courts under the name of "Abiodun Sowewimo" or "Abiodum Sowewimo," and at least five cases in the federal courts under the name "Abiodun Sowemimo," and one case under the name of "Adiodun Sowewimo." Because Plaintiff's present complaint fails to state a claim upon which relief can be granted, it should be dismissed pursuant to the Prison Litigation Reform Act.

**A. Relevant Procedural History**

Plaintiff has filed a motion requesting to proceed in forma pauperis, Dkt. [1]. That motion was granted, Dkt. [3], and the pro se prisoner civil rights complaint was filed.

**B. Applicable Legal Principles**

In the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996)("PLRA"), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of oftentimes frivolous and harassing law suits brought by persons in custody. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). The PLRA significantly amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis. The amended version of the statute now reads that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case **at any time** if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary

relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(emphasis added). Here, Plaintiff has been granted IFP status, and was a prisoner at the time of initiating this suit and continues to be a prisoner within the meaning of 28 U.S.C. § 1915.[2] Thus, Section 1915(e)(2) is applicable herein. Moreover, not only is a court permitted to sua sponte dismiss a complaint which fails to state a claim, but it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e). See, e.g., Keener v. Pennsylvania Board of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

In performing a court's mandated function of sua sponte reviewing complaints under 28 U.S.C. § 1915(e) to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va.) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'. This is the familiar standard for a motion to dismiss under Fed.R.Civ.P. 12(b)(6)."), aff'd, 116 F.3d 473 (Table) (4th Cir. 1997).

---

[2] The term "prisoner" as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

Because under Rule 12(b)(6), courts may consider, in addition to the complaint, matters of public record and other matters of which a court may take judicial notice, Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994), and because the standards for dismissal for failing to state a claim under 28 U.S.C. § 1915(e) are the same as under a 12(b)(6) motion, the court may consider matters of which it may take judicial notice under 28 U.S.C. § 1915(e). See, e.g., Lloyd v. U.S., No. 99 C 3347, 1999 WL 759375, at *1 (N.D. Ill. Sept. 3, 1999) ("As the court may take judicial notice of public records without converting a motion to dismiss to a motion for summary judgment, *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994), the court will take judicial notice of court records in conducting its initial review under § 1915A.").

In reviewing complaints as mandated by 28 U.S.C. § 1915(e) and, consequently, utilizing the standards for a 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the Plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true. See Estelle v. Gamble, 429 U.S. 97 (1976). However, the court need not accept as true any legal averments or conclusions contained in the complaint. Papasan v. Allain, 478 U.S. 265, 286 (1986)("Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation."); Labovitz v. Washington Times Corp., 172 F.3d 897, 898 (D.C. Cir. 1999)(the court "need not accept purely legal conclusions masquerading as factual allegations.") (some internal quotations omitted).

Neither does the court have to accept as true any allegations of fact in the complaint which contradicts facts of which the court may take judicial notice. See, e.g., Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)(In ruling on a motion to dismiss, "[t]he court need not, however, accept as true allegations that contradict matters properly subject to judicial notice. . . ."),

*opinion amended on denial of reh'g by*, 275 F.3d 1187 (9th Cir. 2001); Commonwealth Edison Co. v. United States, 46 Fed. Cl. 158, 160 n.3 (Fed. Cl. 2000)("Contrary to plaintiff's claim, it is well-established that a court need not accept as true allegations contained in a complaint that are contradicted by matters on which the court may take judicial notice. . . ."), aff'd, 271 F.3d 1327 (Fed.Cir. 2001); Romiti v. Kerner, 256 F.Supp. 35, 42 (N.D. Ill. 1966)("However, a court should not be required to accept as true, facts alleged in a complaint which are contrary to facts of which the court will take judicial notice."); 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1363, at 464-65 (2d ed. 1990)("The court will not accept as true allegations that are contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading.") (footnotes omitted).

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, dismissal is proper under Rule 12(b)(6) and hence, under Section 1915(e)(2)(B)(ii), where the court determines that the facts alleged, which are not contradicted by facts of which judicial notice may be had, taken as true and viewed in a light most favorable to the plaintiff, fail to state a claim as a matter of law. See, e.g., Gould Electronics, Inc. v. U.S., 220 F.3d 169, 178 (3d Cir. 2000).

**C. Discussion**

Plaintiff utilized the pro se prisoner civil action pre-printed form provided to him by the Clerk's Office. When asked what federal law he claims was violated, Plaintiff responded by asserting "deliberate indifference [and a] failure to protect." Dkt. [4] at 5, ¶ 3. We liberally construe this in light of his other allegations as a contention that the Defendants violated his Eighth Amendment right to be free of cruel

and unusual punishment.

Plaintiff does not specifically mention the Civil Rights Act, 42 U.S.C. § 1983, however, because he is seeking to vindicate his constitutional rights and he does not have a cause of action directly under the Constitution, a liberal reading of the complaint requires the court to construe his complaint as one invoking the court's jurisdiction pursuant to 42 U.S.C. § 1983. See, e.g., Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001)("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983.").

> Regarding Section 1983 actions, in order to
>
> make out a claim under Section 1983, a plaintiff must demonstrate that the conduct of which he is complaining has been committed under color of state or territorial law and that it operated to deny him a right or rights secured by the Constitution and laws of the United States. The plaintiff must also establish that it was the acts of the defendant which caused the constitutional deprivation.

Mosley v. Yaletsko, 275 F.Supp.2d 608, 613 (E.D.Pa. 2003)(citations omitted).

**1. The Defendants Do Not Act under Color of Law**

Plaintiff's complaint fails to state a claim under Section 1983 because the Defendants do not act under color of state law as is required by Section 1983. In order to state a claim under 42 U.S.C. § 1983, the complaint must reveal that (1) the challenged conduct was committed by a person acting under color of state law and (2) that the conduct infringed on Plaintiff's federal rights. See Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994). The private bank, PNC and its employees do not, as a matter of law, act under color of law so as to be liable under Section 1983. See, e.g., Lally v. Crawford County Trust & Sav. Bank, 863 F.2d 612 (8th Cir.1988) (affirming the decision of a district court dismissing a debtor's § 1983 claim against bank for lack of state action, where the debtor's only claim was based on

allegation that bank employee acted under color of state law when he threatened to have the debtor put in jail for account overcharge); Gibson v. Dixon, 579 F.2d 1071 (7th Cir. 1978) (a bank's use of state statutory procedure for selling automobile after it was repossessed by the bank does not constitute state action under § 1983); Roemer v. Security Bancshares, 978 F.Supp. 988 (D.Kan.1997) (a mortgagor's § 1983 complaint against bank and bank officials was dismissed where the mortgagor alleged that the foreclosure action against him was attempt to perpetuate apparently illegal lending practices of bank in violation of his constitutional rights, because complaint included no allegations of involvement of any state actors or any facts showing that defendants acted "under color of state law").

**2. There is no Eighth Amendment violation**

In the alternative, Plaintiff's Eighth Amendment claim fails as a matter of law because none of the allegations of the complaint reveals a sufficiently serious deprivation. To establish a violation of the Eighth Amendment requires that one be deprived of the "minimal civilized measure of life's necessities." Young v. Quinlan, 960 F.2d 351, 359 (3d Cir. 1992)(internal quotes omitted), *superseded by statute on other grounds as stated in* Ghana v. Holland, 226 F.3d 175, 184 (3d Cir. 2000). To establish that one has been deprived of the minimal civilized measure of life's necessities requires a demonstration that one has been denied "basic human needs, such as food, clothing, shelter, sanitation, medical care and personal safety" from physical assault. Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997).

Instantly, none of the allegations of the complaint reveals such deprivations as is required to state an Eighth Amendment claim. Plaintiff complains of being denied funds from the PNC Bank in order to purchase healthy nutritional food and hygiene items at the commissary. The court notes that Plaintiff is incarcerated and under the Eighth Amendment, the state prison authorities are required to provide him with the minimal civilized measure of life's necessities which include providing for his "basic human

needs, such as food, clothing, shelter, sanitation, medical care and personal safety" from physical assault. Griffin v. Vaughn, 112 F.3d at 709. Because the State prison authorities must already provide basic nutrition and hygiene items, the fact that Plaintiff may not purchase additional items from a commissary does not deny him the minimal civilized measure of life's necessities. Indeed, because the States must provide such to its prisoners, the rule is that there is no federal Constitutional right to purchase items from a commissary. See, e.g., Tokar v. Armontrout, 97 F.3d 1078, 1083 (8th Cir. 1996)("we note that we know of no constitutional right of access to a prison gift or snack shop."); Bagwell v. Brewington-Carr, No. 97-714, 2000 WL 1239960, at *3 (D.Del. Aug. 25, 2000), *aff'd*, 32 Fed.Appx. 31 (3d Cir. 2002); Acree v. Peterson, No. 99-1085-KI, 2000 WL 1141587, at *7 (D.Or. Aug. 1, 2000)("Plaintiff has no protected property interest to purchase commissary items."). *A fortiori*, denying Plaintiff money with the consequence of barring him from purchasing items from the commissary denies him no federal right, and certainly does not deny him his Eighth Amendment right to be free of cruel and unusual punishment. Accordingly, the Eighth Amendment claim fails to state a claim as a matter of law.

For any or all of the foregoing reasons, the complaint should be dismissed pursuant to the screening provisions of the PLRA.

III. Conclusion

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the Plaintiff shall have until October 29, 2009, to file objections to this Report and Recommendation. Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/ *Amy Reynolds Hay*
Chief United States Magistrate Judge

Dated: 15 October, 2009

cc: Honorable Gary L. Lancaster
Chief United States District Judge

Abiodun S. Sowemimo
B43909
Western Illinois Correctional Center
2500 Route 99 South
Mount Sterling, IL 62353